### PROCEEDINGS IN ATTACHMENT.

[Circuit Court of Cuyahoga County.]

## W. A. HARE v. W. COOK AND M. HERIG.

Decided, February 21, 1905.

*Attachment—The Affidavit—No Presumption that a Claim for Rent is a Claim for Necessaries—"Defendant" may be Read in the Plural—Motion to Dissolve—Section 6494 not Unconstitutional—Grounds for Dissolving Attachment must be Set Out in Motion.*

1. The statement of an affidavit in attachment that the claim sued on is for rent, does not afford ground for the presumption that the claim is for necessaries.
2. Where the suit is against two defendants, based upon the allegation that said "defendant is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors," it is immaterial that the affidavit does not disclose which of the defendants is about to perpetrate the fraud.
3. The provision of Section 6494, authorizing an appeal by the defendant from the decision of a justice of the peace upon motion, when no appeal is allowed to the plaintiff in case the motion shall be decided against him, is not unconstitutional.
4. The grounds for the dissolution of the attachment must be specified in the motion to dissolve.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Error to the court of common pleas.

Suit was brought by Hare against Cook before a justice of the peace, and upon an affidavit filed by Hare an order of attachment was issued. The grounds stated in the affidavit for the attachment are—

"That the defendants are justly indebted to the plaintiff in the sum of $24 for rent; that said claim is just and lawful; that he believes said plaintiff ought to recover thereon the amount of $24, and that the property about to be attached is not exempt from execution; that the claim on which judgment is sought was contracted for since April 26, 1898, and that said defendant is about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors."

It will be noticed that the only statutory ground stated in the affidavit for the attachment is that the defendant "is about to convert his property, or part thereof, into money for the purpose of placing it beyond the reach of his creditors."

In passing, it may be said that there are two defendants, and that the affidavit does not disclose that the two defendants are about to perpetrate this fraud, nor which of the two it is who is about to do so. However, probably this is not material. It may be assumed that the language is to be treated as though in the plural, charging the defendants with the fraudulent purpose.

If it be urged that because the statute allows an attachment under certain circumstances for necessaries, and that this affidavit states that this claim is for rent, that therefore it is to be assumed that it is for necessaries, it is sufficient to say that the fact that one is indebted for rent falls far short of showing that one is indebted for necessaries. Rent may be for a saloon, for a store, for a hotel, and for so many other things that would not be held to be necessaries, that we can not assume that one is indebted for necessaries simply because he is indebted for rent.

The attachment having been allowed by the justice, a motion was made for its dissolution, which was in these words, after entitling the case:

"Now comes W. Cook, one of the defendants in the above action, and, appearing for the purpose of this motion only, moves the court to dismiss the attachment granted in the above action for the following reasons, to-wit: First, that the claim on which said attachment is based is not one for necessaries. Second, that an unlawful joinder of parties defendant has been made in the above action."

The defendant, Cook, filed an affidavit in support of this motion. With the evidence of these two affidavits before him, the justice overruled the motion, whereupon the defendants appealed from the decision of the justice upon this motion. Under favor of Section 6494, Revised Statutes, the language of the section referring to this matter reads, speaking of the motion to dissolve the attachment:

" * * * which, if overruled, may be appealed by the defendant to the court of common pleas if in session, or to a judge thereof in vacation, by giving notice to that effect to the justice of the peace, but no bond shall be required. Upon such notice of appeal being given, the justice of the peace shall forthwith transmit to the court of common pleas all the original papers; and thereupon, within three days from such notice of appeal, or upon such further time as may be for good cause allowed, said court or judge shall hear and determine said motion in the same manner as it was originally brought in said court of common pleas, and upon the final hearing said court shall forthwith transmit the judgment with said original papers to said justice of the peace, which judgment shall be entered upon the docket of said justice of the peace as the final determination of said motion," etc.

The question of whether this statute authorizing an appeal by the defendant from the decision of the justice of the peace upon the motion, when no appeal is allowed to the plaintiff in case the motion shall be decided against him, is constitutional, was suggested in this case. We have determined that question in another case (*Cecil* v. *Grant*, 6 C. C.—N. S., —), holding that no provision of the Constitution is violated by the statute. Nothing more on that subject need be said here.

Upon the hearing in the court of common pleas the defendant, Cook, was permitted to introduce an affidavit in these words:

"W. Cook, the defendant in the above entitled action, being first duly sworn, deposes and says that he is not about to convert his property nor any part thereof into money for the purpose of placing it beyond the reach of his creditors."

To the introduction of this affidavit objection was made and overruled by the court, and exception is taken to this ruling. It will be noticed that nothing in this affidavit tends to support either of the claims made in the motion. Those claims, as already quoted, are: "First, that the claim on which said attachment is based is not for necessaries. Second, that an improper joinder of parties defendant has been made in the above action."

It was the decision made by the justice of the peace upon this motion that was appealed from. It was that motion which the

court of common pleas was, because of the appeal, required to
hear and determine. Evidence bearing upon that motion was
admissible. No other evidence was admissible. Unless, there-
fore, it can be said that the motion to dissolve the attachment
which was made before the justice is to be treated as a motion
without specifying any ground, the court erred in admitting
this affidavit. One of the provisions of Section 6494, Revised
Statutes, is that "In any case the defendant may make a mo-
tion before the justice of the peace to dissolve the attachment."
Nothing is here said as to whether ground for such dissolution
is to be set out in the motion, but it is believed that such has
been the universal practice, and that such grounds must be
stated in the motion.

In Swan's Treatise, 20th Ed., page 442 and following, the na-
ture of the dissolution of attachment by motion is treated of,
and the form of notice to be given to the plaintiff in such case
is given on page 443, being form No. 198. This form of notice
reads:

"In the case of attachment of A B against C D pending be-
fore G H, justice of the peace, I shall make a motion on the —
day of ———, at 10 o'clock A. M., or as soon thereafter as I
can be heard, to discharge the attachment * * * and on the
following grounds: [Here state the grounds.]"

The form of docket entry, being form 199, on page 445, has
these words:

"I thereupon heard said motion and do find [here affirm or
negative the grounds of the motion stated in the notice accord-
ing to the proofs, etc.]"

In the case of *Remington* v. *Harrington*, 8 Ohio, 508, the
first head note reads:

"In motions for a new trial, points not stated in the motion
are not open for discussion in the court *in banc.*"

On page 508 this language is used by Judge Wood in the
opinion:

"Two questions arise in this case for decision. First—was
the testimony offered by the plaintiff, objected to by the de-

fendant, and admitted by the court, proper for the considera·
tion of the jury? *. * * The first point is not embraced in the
motion, and to the points there made, the discussions of counsel
should, in ordinary cases, be confined, because they are the
only notice to the opposite-party of the questions to be raised,
and constitute the substratum on which the opinion of the court
rests.''

In the case of *Everett, Weddell & Co.* v. *Sumner*, 32 O. S.,
562, the first paragraph of the syllabus reads:

''The findings of a court or of a jury, upon issue of fact, are
not subject to review on proceedings in error, except where it
appears from the record that a motion for a new trial was made
on the ground that the verdict is against the evidence, and that
such motion has been overruled.''

While these cases are not directly in point, the reason for the
ruling on a motion for a new trial applies with equal force to
the motion under consideration here.   The plaintiff had notice
that a motion for the dissolution of the attachment would be
heard upon the grounds stated in that motion.   Proper care on
his part would require of him to prepare to meet the grounds
stated in the motion, and would not require of him to be pre-
pared to meet any other grounds.

In *Rogers* v. *Pruschansky*, 3 C. C.—N. S., 366, after an appeal
had been taken to the court of common pleas upon the over-
ruling of the motion to discharge an attachment, a new motion
was filed setting out a ground for such dissolution other than
was set out in the motion already on file, and the court held that
such new motion could not be filed.

On page 367 this language is used in the opinion:

''But clearly the court in this case had no authority to enter-
tain the filing of a new motion, or consider anything but the
motion filed before the justice of the peace, because at least this
court has heretofore held, in another case, that this amended
Section 6494, Revised Statutes, was intended not to give juris-
diction by appeal to the court of common pleas of the entire
case, but simply for the purpose of determining the motion for
the discharge of the attachment, and, having done so, to certify
the case back to the justice of the peace.''

The reasoning which would prevent a new motion from being filed in the court of common pleas because of the fact that it set up a new ground for the discharge of the attachment, would apply equally to prevent the introduction of evidence upon the hearing of the motion already filed, which evidence did not tend to sustain the grounds set out in such motion.

We hold, therefore, that in permitting the introduction of the affidavit filed in the court of common pleas there was error to the prejudice of the plaintiff in error, and for that reason the judgment of the court of common pleas is reversed.

*Miller & Linder,* for plaintiff in error.

*J. L. Dowling,* for defendants in error.